■ In the Matter of HALLMAN SEA ASSOCIATES, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. [653 NYS2d 560] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 23, 1996, which denied petitioner landlord's application pursuant to CPLR article 78 to annul respondent Loft Board's determination rejecting, as untimely, petitioner's challenge to an Improvement Sales Agreement, and dismissed the petition, unanimously affirmed, without costs.

Petitioner received a Sales of Improvements Disclosure Form from the outgoing and prospective tenants, and, following the instructions thereon, served its objections to the proposed sale on the outgoing and prospective tenants on the 20th day after it received the tenants' response to its request for additional information. The next day petitioner called the Loft Board to ask whether it had to do anything else, and was told that it had to file a Challenge Application, which petitioner did the following day. The Loft Board rejected petitioner's Challenge Application as two days late because, under its rules, such application also had to be filed within 20 days after petitioner's receipt of the additional information. Petitioner instituted the instant article 78, asserting that the instructions on the Disclosure Form, which nowhere mention Challenge Applications, induced it into not filing a timely Challenge Application, and that the Loft Board should therefore be estopped from asserting untimeliness. The IAS Court, confirming a Special Referee's report, found that since the Disclosure Form, under a heading titled "Prospective Tenant", advised that " 'the owner may challenge the fair market value established by the offer, as provided by Section IV of the Loft Board regulations governing improvement sales' ", and, in an introductory paragraph, provided the address of the Loft Board where a copy of the regulations could be obtained and a telephone number where " '[f]urther information' and any questions regarding these matters may be directed' ", petitioner should have "consult[ed] the Loft Board or its regulations instead of relying on what is contained in certain portions of the Disclosure Form". While we disagree with any suggestion by the IAS Court that "certain portions" of the Disclosure Form advised of the need to file a Challenge Application, it is apparent that the Disclosure Form purports to explain only how to frame a fair market valuation dispute, not resolve it, and it therefore should have been obvious to petitioner that further instructions were needed. Indeed, petitioner did realize as much when it called the Loft Board, but the call should have been made sooner. Concur—Sullivan, J. P., Rosenberger, Ellerin and Williams, JJ.